## HORTON v. HOYT, *et al.*

1. SWAMP LANDS: LEVEES. Under section 936, Revision of 1860, the construction of a levee through private property should be enjoined upon the application of the proper party, until just compensation for the damages which the owner or owners will sustain thereby has been ascertained and paid in the manner required by law.

*Appeal from Muscatine District Court*

TUESDAY, APRIL 16.

INJUNCTION to restrain the erection of a levee over defendant's land. The facts necessary to an understanding of the case, are stated in the opinion of the court.

*Butler & Campbell* for the appellant.

*Thayer* for the appellees.

BALDWIN, J.—Under an act of the legislature of 1858, page 104, Laws of that session, the respondent, Wm. Hoyt, was duly elected levee commissioner on Muscatine Island, and qualified as such under the provisions of said act. Previous to this act, by the authority of the drainage commissioner of said county, a levee had been located on said island, extending from the city of Muscatine or some point therein, to the Louisa County line.

Under the first section of the act of 1858, all lands, city and town lots on Muscatine Island, between the location *of the levee then begun* and the Muscatine slough and Louisa county were made subject to a special tax for the building and keeping in repair said levees. The said levee commissioner was by said act authorized to adopt a plan to *complete* and keep in repair said levee or levees on Muscatine Island, &c. In pursuance of the authority thus conferred, said commissioner, in 1859, had made a contract with one Carmichael, one of the respondents, to construct a levee on said island.

Horton v. Hoyt, et al.

The complainant alleges that he is the owner of a tract of land on said island; that it is swamp land and reclaimable; that under the first section of said act a tax of eight cents on the acre has been levied upon his land and paid by him; that the respondents have changed the line of said levee as located prior to the passage of said act, and run the same across the land of complainant; that complainant's land would be injured instead of benefited by the construction thereof; that his lands will not be reclaimed thereby; that said commissioner had no power to change the line of said levee, &c.; that respondents had no right to run the same across his land without having first compensated him therefor; and he asks that they may be enjoined from so doing.

We do not propose to consider the questions presented relative to the power of said commissioner to change the line of said levee, or the practicability of the line adopted, as these questions may be affected by the evidence introduced upon the hearing in the court below. We think, however, that the complainant was entitled to an injunction restraining the respondents from crossing his land until his damages were assessed and paid. Under section 936 of the Revision of 1860, it is provided that when it becomes necessary in the construction of levees and drains to pass through private property, a just compensation shall be made to the owner or owners thereof if damage has been done such property, to be ascertained in the same manner as provided in the road law now in force in cases of roads. A road, when damages are allowed, can not be finally established until such damages are paid. After being finally established the supervisors may open the same. See sections 851, 855.

The order of the court requiring the defendant to give bonds to secure the complainant against any damages caused by passing over his land, admits the equity of his claim to

an injunction, but fails to give him that relief to which we think he is entitled. The order of the court refusing an injunction is reversed; and the clerk of the District Court of said county will issue an injunction as prayed for, upon proper bonds being given in a penalty of two thousand dollars.